**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JACKSON LEWIS LLP**
**One North Broadway, Suite 1502**
**White Plains, New York 10601**
**(914) 328-0404**
**Attorneys of Record for Defendants**
**Michelle E. Phillips, Esq. (MP 4252)**
**Ian H. Hlawati, Esq. (IH 9084)**

---

| | |
|---|---|
| JANE A. WILSON | : |
|                           Plaintiff, | : |
|         v. | :     07 CV 7058 (KMK) |
| MARYKNOLL FATHERS & BROTHERS; FR. JOHN BARTH; FR. RICHARD FRIES; ADRIANE GLASS; FR. JOHN McAULEY; FR. FRANCIS McGOURN; FR. LEO SHEA; and FR. JOHN SIVALON, | : |
|                     Defendants. | : |

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Maryknoll Fathers & Brothers (incorrectly named in this action as "Maryknoll Fathers & Brothers" and correctly named "Catholic Foreign Mission Society of America, Inc."); Fr. John Barth; Fr. Richard Fries, Adriane Glass (incorrectly named in this action as "Adriane Glass" and correctly named "Adriane Monaro Glass"); Fr. John McAuley; Fr. Francis McGourn; Fr. Leo Shea; and Fr. John Sivalon (hereinafter "Maryknoll" or "Defendants"), by and through their undersigned attorneys, respectively submit the following Answer to Plaintiff's Complaint in connection with the above-captioned case.

## PARTIES, JURISDICTION AND NATURE OF ACTION

1.       Defendants deny each and every allegation contained in Paragraph "1" of Plaintiff's Complaint, except deny knowledge or information sufficient to form a belief as to the citizenship of Plaintiff, Jane Wilson (hereinafter "Plaintiff").

2.       Defendants deny each and every allegation set forth in Paragraph "2" of Plaintiff's Complaint, except admit that the Catholic Foreign Mission Society of America, Inc. does business as Maryknoll Fathers & Brothers and is a New York corporation with its principal place of business at 55 Ryder Road, Ossining, New York.

3.       Defendants deny each and every allegation set forth in Paragraph "3" of Plaintiff's Complaint, except aver that Fr. John Barth and the Assistant General are the canonical titles for John Barth, who is an independent contractor, Director of the Board of Directors of Maryknoll and a member of Maryknoll's General Council.

4.       Defendants deny each and every allegation set forth in Paragraph "4" of Plaintiff's Complaint, except aver that Fr. Richard Fries is the canonical title for Richard Fries, who is an independent contractor and who worked as the Director of the Mission Education and Promotion Department between May 1, 2004 to June 29, 2006 before being relieved of the duties of this position.

5.       Defendants admit the allegations contained in Paragraph "5" of the Plaintiff's Complaint, except aver that Adriane Glass is correctly named Adriane Monaro Glass.

6.       Defendants deny each and every allegation set forth in Paragraph "6" of Plaintiff's Complaint, except aver that Fr. John McAuley and the Assistant General are the canonical titles for John McAuley, who is an independent contractor, Secretary of the Board of Directors of Maryknoll as well as a member of Maryknoll's General Council.

7.       Defendants deny each and every allegation set forth in Paragraph "7" of

2

Plaintiff's Complaint, except aver that Fr. Francis McGourn is the canonical title for Francis McGourn who is an independent contractor, the Vice President of the Board of Directors of Maryknoll and a member Maryknoll's General Council, and is canonically known as the Vicar General.

        8.     Defendants deny each and every allegation set forth in Paragraph "8" of Plaintiff's Complaint, except aver that Fr. Leo Shea is the canonical title for Leo Shea, who is an independent contractor and currently works as a Priest Missionary in Jamaica. Fr. Leo Shea previously held the position of Society Coordinator and the position of Director of Mission Promotion.

        9.     Defendants deny each and every allegation set forth in Paragraph "9" of Plaintiff's Complaint, except aver that Fr. John Sivalon is the canonical title for John Sivalon who is an independent contractor, the President of the Board of Directors of Maryknoll, the Chief Executive Officer of Maryknoll, and is canonically known as the Superior General.

        10.    Defendants deny each and every allegation set forth in Paragraph "10" of Plaintiff's Complaint, except admit that Plaintiff was terminated on June 29, 2006. The remainder of Paragraph "10" states a legal conclusion of law for which no response is required.

        11.    Defendants deny each and every allegation set forth in Paragraph "11" of Plaintiff's Complaint.

        12.    Defendants deny each and every allegation set forth in Paragraph "12" of Plaintiff's Complaint.

        13.    Defendants deny each and every allegation set forth in Paragraph "13" of Plaintiff's Complaint, except admit that Plaintiff was terminated on June 29, 2006.

        14.    Paragraph "14" states a legal conclusion of law for which no response is

required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph "14" of the Complaint.

      15.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "15" of the Complaint.

      16.    Defendants deny each and every allegation set forth in Paragraph "16" of Plaintiff's Complaint, except admit that jurisdiction is proper in the Southern District of New York.

## BACKGROUND

      17.    Defendants deny each and every allegation set forth in Paragraph "17" of Plaintiff's Complaint, except admit that Plaintiff was hired by Maryknoll on October 7, 2002.

      18.    Defendants deny each and every allegation set forth in Paragraph "18" of Plaintiff's Complaint, except admit that Plaintiff was hired into the position of Director of Marketing and served in this position between October 7, 2002 and February 1, 2003, at which time Plaintiff received a promotion to the position of Executive Director of Marketing and Development. Defendants admit that Plaintiff's starting salary was $89,000 and increased to $110,000 at the time of her promotion.

      19.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "19" of the Complaint and deny that Plaintiff was highly qualified.

      20.    Defendants deny each and every allegation set forth in Paragraph "20" of Plaintiff's Complaint, except admit that Plaintiff's job duties primarily focused on fundraising and she received positive performance appraisals from Fr. Richard Fries.

21.     Defendants deny each and every allegation set forth in Paragraph "21" of Plaintiff's Complaint.

22.     Defendants deny each and every allegation set forth in Paragraph "22" of Plaintiff's Complaint.

23.     Defendants deny each and every allegation set forth in Paragraph "23" of Plaintiff's Complaint.

24.     Defendants deny each and every allegation set forth in Paragraph "24" of Plaintiff's Complaint.

25.     Defendants deny each and every allegation set forth in Paragraph "25" of Plaintiff's Complaint.

26.     Defendants deny each and every allegation set forth in Paragraph "26" of Plaintiff's Complaint, except aver that Theresa McGee is correctly named Teresa McGee.

27.     Defendants deny each and every allegation set forth in Paragraph "27" of Plaintiff's Complaint.

28.     Defendants deny each and every allegation set forth in Paragraph "28" of Plaintiff's Complaint.

29.     Defendants deny each and every allegation set forth in Paragraph "29" of Plaintiff's Complaint.

30.     Defendants deny each and every allegation set forth in Paragraph "30" of Plaintiff's Complaint.

31.     Defendants deny each and every allegation set forth in Paragraph "31" of Plaintiff's Complaint.

## DISCRIMINATION

32.    Defendants deny each and every allegation set forth in Paragraph "32" of Plaintiff's Complaint.

33.    Defendants deny each and every allegation set forth in Paragraph "33" of Plaintiff's Complaint, except admit that Fr. Leo Shea left the job interview early and aver that he apologized for having to leave and supported the decision to hire Plaintiff.

34.    Defendants deny each and every allegation set forth in Paragraph "34" of Plaintiff's Complaint, except admit that Teresa McGee's title was the former Director of the Department of Society Member Services.

35.    Defendants deny each and every allegation set forth in Paragraph "35" of Plaintiff's Complaint.

36.    Defendants deny each and every allegation set forth in Paragraph "36" of Plaintiff's Complaint.

37.    Defendants deny each and every allegation set forth in Paragraph "37" of Plaintiff's Complaint, except aver there was a comment regarding a sports team by Fr. Leo Shea during the National Mission Promotion Meeting.

38.    Defendants deny each and every allegation set forth in the first sentence of Paragraph "38" of Plaintiff's Complaint.  Defendants deny each and every allegation set forth in the remainder of Paragraph "38" of Plaintiff's Complaint, except admit that Fr. Richard Fries and Plaintiff occasionally exchanged email correspondence and on or about December, 2004, Fr. Richard Fries became Plaintiff's supervisor.

39.    Defendants deny each and every allegation set forth in Paragraph "39" of Plaintiff's Complaint, except aver that due to various Maryknoll employee complaints, Adriane

Monaro Glass had several meetings with Plaintiff regarding her management style.

40.     Defendants deny each and every allegation set forth in Paragraph "40" of Plaintiff's Complaint, except admit that Teresa McGee told Plaintiff she was not implicated in the employee complaint and that a complaint had been brought against a supervisor in her department at Maryknoll.

41.     Defendants deny each and every allegation set forth in Paragraph "41" of Plaintiff's Complaint.

## **RETALIATION**

42.     Defendants deny each and every allegation set forth in Paragraph "42" of Plaintiff's Complaint, except admit that Plaintiff and Adriane Monaro Glass had conversations regarding Fr. Leo Shea.

43.     Defendants deny each and every allegation set forth in Paragraph "43" of Plaintiff's Complaint, except admit that Plaintiff was present during a conversation with Fr. John Sivalon and others regarding Fr. Leo Shea.

44.     Defendants deny each and every allegation set forth in Paragraph "44" of Plaintiff's Complaint.

45.     Defendants deny each and every allegation set forth in Paragraph "45" of Plaintiff's Complaint.

46.     Defendants deny each and every allegation set forth in Paragraph "46" of Plaintiff's Complaint, except admit that Plaintiff was terminated on June 29, 2006 in a meeting with Fr. John McAuley and Gerry Allen and aver that Fr. John McAuley had a conversation with Plaintiff regarding the grounds for her termination.

47.     Defendants deny each and every allegation set forth in Paragraph "47" of

Plaintiff's Complaint.

48.    Defendants deny each and every allegation set forth in Paragraph "48" of Plaintiff's Complaint.

49.    Defendants deny each and every allegation set forth in Paragraph "49" of Plaintiff's Complaint.

50.    Defendants deny each and every allegation set forth in Paragraph "50" of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

51.    Defendants repeat and reallege each and every denial contained in its responses to Paragraphs "1" through and including "50" of Plaintiff's Complaint.

52.    Defendants deny each and every allegation set forth in Paragraph "52" of Plaintiff's Complaint.

53.    Defendants deny each and every allegation set forth in Paragraph "53" of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

54.    Defendants repeat and reallege each and every denial contained in its responses to Paragraphs "1" through and including "53" of Plaintiff's Complaint.

55.    Defendants deny each and every allegation set forth in Paragraph "55" of Plaintiff's Complaint.

56.    Defendants deny each and every allegation set forth in Paragraph "56" of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

57.    Defendants repeat and reallege each and every denial contained in its

responses to Paragraphs "1" through and including "56" of Plaintiff's Complaint.

58.    Defendants deny each and every allegation set forth in Paragraph "58" of Plaintiff's Complaint.

59.    Defendants deny each and every allegation set forth in Paragraph "59" of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

60.    Defendants repeat and reallege each and every denial contained in its responses to Paragraphs "1" through and including "59" of Plaintiff's Complaint.

61.    Defendants deny each and every allegation set forth in Paragraph "61" of Plaintiff's Complaint.

62.    Defendants deny each and every allegation set forth in Paragraph "62" of Plaintiff's Complaint.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

63.    Plaintiff's Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief should be granted or for which the damages sought can be awarded.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

64.    Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of an action.

## AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

65.    Defendant's actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory reasons.

## AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

66.    At all times relevant hereto, Defendants acted in good faith and have not violated any rights that may be secured to Plaintiff under any federal, state or local laws, rule, regulations or guidelines.

## AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

67.    Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Defendants exercised reasonable care to prevent and correct promptly any alleged harassing or discriminatory behavior.

## AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

68.    Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive and corrective opportunities or to avoid harm otherwise.

## AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

69.    Plaintiff's claims for damages are barred, in whole or in part, as a matter of law because she has failed to mitigate her alleged damages.

## AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

70.    Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

## AS AND FOR DEFENDANTS' NINETH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims against Defendants are barred by the doctrine of unclean

hands.

## AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

73.    All or a portion of Plaintiff's claims are barred to the extent that discovery may show that Plaintiff engaged in misconduct prior, during or in connection with her employment with Defendants.

## AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

74.    Plaintiff's Title VII claims are barred by the ministerial exception under 42 U.S.C. § 2000e-1(a).

## AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

75.    Plaintiff's Title VII claims are barred to the extent the alleged discrimination was engaged in by employees acting outside the scope of their employment and/or by employees over whom Defendants had no authority or control.

## AS AND FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

76.    Plaintiff's claims of discrimination under Title VII are barred, in whole or in part, by the single actor defense.

## AS AND FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

77.    Plaintiff's claim under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") is barred because Defendants are not covered by Title I of the Employee Retirement Income Security Act ("ERISA") under 29 U.S.C. § 1002(33).

**WHEREFORE**, Defendants respectfully request the Court to:

a.    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b.    Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c.   Award Defendants the reasonable attorneys' fees and costs it incurs in defending this action; and

d.   Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP

*Michelle Phillips*

Michelle E. Phillips, Esq. (MP 4252)
Ian H. Hlawati, Esq. (IH 9084)
One North Broadway, Suite 1500
White Plains, New York 10601
(914) 328-0404

ATTORNEYS FOR DEFENDANTS

Dated:  October 4th, 2007
           White Plains, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JACKSON LEWIS LLP**
**One North Broadway, Suite 1502**
**White Plains, New York 10601**
**(914) 328-0404**
**Attorneys of Record for Defendants**
**Michelle E. Phillips, Esq. (MP 4252)**
**Ian H. Hlawati, Esq. (IH 9084)**

---

JANE A. WILSON

                    Plaintiff,

        v.

MARYKNOLL FATHERS & BROTHERS; FR. JOHN
BARTH; FR. RICHARD FRIES; ADRIANE GLASS;
FR. JOHN McAULEY; FR. FRANCIS McGOURN;
FR. LEO SHEA; and FR. JOHN SIVALON,

                    Defendants.

07 CV 7058 (KMK)

---

## CERTIFICATE OF SERVICE

    A copy of the foregoing Defendants' Answer to Plaintiff's Complaint was served

via Federal Express, overnight delivery, this 4th day of October, 2007, on Plaintiff Jane Wilson's

attorney of record at the address listed below:

                    Walker G. Harman, Jr., Esq.
                    1350 Broadway, Suite 1510
                    New York, NY 10018

Ian H. Hlawati