Walker G. Harman, Jr. [WH-8044]
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

JANE A. WILSON,

                                  Plaintiff,

      -against-

MARYKNOLL FATHERS & BROTHERS; FR. JOHN
BARTH; FR. RICHARD FRIES; ADRIANE GLASS;
FR. JOHN McAULEY; FR. FRANCIS McGOURN;
FR. LEO SHEA; and FR. JOHN SIVALON,

                                  Defendants.
-----------------------------------------------------------------------X

Civ No: 07 Civ. 7058 (KMK)(MDF)

**NOTICE OF MOTION
TO DISQUALIFY COUNSEL**

**PLEASE TAKE NOTICE** that upon the annexed memorandum of law, the annexed affidavit of Jane A. Wilson, the annexed affirmation of Walker G. Harman, Jr., Esq., and all prior proceedings had herein, a motion will be made by plaintiff before Honorable Mark D. Fox, to be held at the United States Courthouse, 300 Quarropas St., Room 434, White Plains, NY 10601, at a date and time to be determined by the Court, for an order directing:

    i)     Jackson Lewis to withdraw as attorneys of record for Dr. Aluma; or

    ii)    In the alternative, for an inquest into the nature and scope of Jackson Lewis's representation of Dr. Aluma; and

    iii)   For sanctions related to the costs associated with filing this motion; and

    iv)   For such further relief as this Court may deem just and proper.

Dated: January 15, 2008
      New York, New York

                                        */s/ Walker G. Harman, Jr.*
                                        Walker G. Harman, Jr. (WH 8044)
                                        1350 Broadway, Suite 1510
                                        New York, New York 10018
                                        (212) 425-2600


To:    Michelle E. Phillips, Esq.
        Jackson Lewis LLP
        One North Broadway, 15th Floor
        White Plains, NY 10601
        914-353-7244

Walker G. Harman, Jr. [WH-8044]
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

JANE A. WILSON,

                            Plaintiff,
      -against-

MARYKNOLL FATHERS & BROTHERS; FR. JOHN
BARTH; FR. RICHARD FRIES; ADRIANE GLASS;
FR. JOHN McAULEY; FR. FRANCIS McGOURN;
FR. LEO SHEA; and FR. JOHN SIVALON,

                           Defendants.
------------------------------------------------------------------X

**Civil Action No:** 07 Civ. 7058 (KMK) (MDF)
**AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY**

WALKER G. HARMAN, JR., ESQ., an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

1. I represent the plaintiff in the above-captioned action and as such, am fully familiar with the facts and circumstances of this action, the basis of my knowledge being the files maintained by my office and conversations that I have had with third-party witnesses.

2. I submit this Affirmation in Support of Plaintiff's Motion to Disqualify Jackson Lewis as attorneys of record for Dr. Manuel J. Aluma, PhD ("Dr. Aluma") in this case, or in the alternative, for an inquest into the nature and scope of Jackson Lewis' representation of Dr. Aluma, for sanctions related to the costs associated with filing this motion, and for such further relief as this Court may deem just and proper.

3. I am extremely concerned about the unethical conduct of defendants' attorneys, Jackson Lewis. Jackson Lewis was retained by a third-party witness whose interests are adverse to Jackson Lewis's primary client, Maryknoll. It is my belief that Jackson Lewis has made active efforts to silence the testimony of at least one relevant, third-party witness, maybe others, as well as to potentially conceal relevant evidence. Jackson Lewis's unethical conduct is extremely prejudicial to plaintiff. Accordingly, I have been left with no choice but to raise these serious concerns with the Court.

4. In December 2007, I learned that Dr. Aluma had an employment-related dispute with Maryknoll that concerned sexual orientation. It is my understanding that Teressa McGee, a former director at Maryknoll was put in charge of finding her own replacement; she located and presumably recommended Dr. Aluma as her replacement. On information and belief, Maryknoll then extended an offer of employment to Dr. Aluma, and Dr. Aluma began to shut down his private practice in anticipation of his employment with Maryknoll. However, also on information and belief, when Maryknoll learned of Dr. Aluma's sexual orientation, Maryknoll rescinded the offer of employment. On information and belief, Dr. Aluma opted not to file a lawsuit against Maryknoll and was paid $300,000 by Maryknoll in exchange for a waiver of any claims he had against Maryknoll.

5. Soon afterwards, I spoke to Dr. Aluma on the telephone. I explained that I represented Jane Wilson in an action for gender and sexual orientation discrimination against Maryknoll. I further explained that I understood that he [Dr. Aluma] was openly gay and had had a similar employment dispute with Maryknoll that resulted in a monetary payment in exchange for an agreement. Dr. Aluma did not disagree with me. I further explained that I intended to take his deposition; he did not object to being deposed but did state that he did not want to spend any

money on a lawyer. I also explained to him that I would like to talk to him further but that I believed that he was likely bound by a confidentiality agreement. Dr. Aluma then stated that he would like to review the confidentiality portion of the agreement before speaking with me further. Dr. Aluma never objected to any of my statements nor did he state that anything that I had said was inaccurate. Dr. Aluma also acknowledged the existence of an employment-related agreement that he entered into with Maryknoll.

6. After several days had passed and I had not heard back from Dr. Aluma, I served a subpoena on Dr. Manuel J. Aluma, PhD, to take his deposition testimony, as his testimony is extremely relevant to my client's claims of discrimination and his confidentiality could be protected were the Court to issue an appropriate protective order. There is ample evidence to support plaintiff's claim that Dr. Aluma's testimony will serve as evidence of a pattern and practice of discrimination at Maryknoll.

7. Dr. Aluma also stated to me that he was not represented by an attorney at the time and, in fact, did not have an interest in being represented by an attorney. Subsequent to that conversation, I was informed by Jackson Lewis that they had been retained by him. I believe it is possible that Jackson Lewis has improperly induced Dr. Aluma by threatening him with a breach of contract claim with respect to the confidentiality portion of the agreement that he signed with Maryknoll.

8. I also spoke to Teresa McGee, the former Director of Society Member Services and the person who found Dr. Aluma to replace her, and relayed my understanding of Dr. Aluma's situation. She did not disagree with my portrayal of the facts and simply asked, "How did you find that out?" Ms. McGee is now represented by Jackson Lewis. When Michelle Phillips, a Jackson Lewis attorney, phoned me to inform me that they would now represented Teressa

McGee, she also directed me not to "speak with any former supervisors, managers or directors at Maryknoll." When I asked her what legal basis she had for this direction, she could not name any, but nevertheless, stood by her direction. A few minutes later, I phoned Ms. Phillips and asked her to participate in a conference call with the Court to get a ruling on her "direction" to me to "not speak with any former supervisors," as I did not understand her direction and did not want to be accused of any wrongdoing. Ms. Phillips declined to participate in a call with the Court and withdrew her direction to me to not speak with any former Maryknoll supervisors. This is just another of Jackson Lewis's overzealous attempts to silence witnesses and to potentially conceal evidence.

9. Not surprisingly, on or about January 3, 2008, Jackson Lewis advised me that they represented Dr. Aluma, that his testimony was "irrelevant" to this litigation, and they demanded that I withdraw the subpoena before January 10, 2008. See January 3 letter annexed as Exhibit A.

10. Upon information and belief, Jackson Lewis's actions are all in an attempt to silence witnesses that possess relevant information relating to my client's claims of discrimination. Furthermore, as an adversary of Maryknoll's, the only interest that Dr. Aluma could have in Maryknoll's attorney's representation, is to avoid being sued (or the threat of being sued) by Maryknoll for breach of the agreement that Dr. Aluma has with Maryknoll.

11. Accordingly, Jackson Lewis should be disqualified from representing Dr. Aluma, as Dr. Aluma has an overwhelmingly adverse interest to Maryknoll evidencing an undeniable conflict, and Jackson Lewis's representation of Dr. Aluma is and would continue to be extremely prejudicial to my client, the plaintiff in this action for employment discrimination.

**WHEREFORE**, I respectfully request that the Court grant Plaintiff's Motion to Disqualify Jackson Lewis as attorneys of record for Dr. Aluma, or in the alternative, for an inquest into the nature and scope of Jackson Lewis's representation Dr. Aluma, for sanctions related to the costs associated with filing this motion, and for such further relief as this Court may deem just and proper.

Dated:   New York, New York
         January 15, 2008

_____
WALKER G. HARMAN, JR.

# EXHIBIT A

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis
Attorneys at Law

| Jackson Lewis LLP | ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| One North Broadway | BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| | BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| White Plains, New York 10601 | CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| | CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| Tel 914 328-0404 | DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| | DENVER, CO | ORANGE COUNTY, CA | SEATTLE, WA |
| Fax 914 328-1882 | GREENVILLE, SC | ORLANDO, FL | STAMFORD, CT |
| | HARTFORD, CT | PHILADELPHIA, PA | WASHINGTON, DC REGION |
| www.jacksonlewis.com | HOUSTON, TX | PITTSBURGH, PA | WHITE PLAINS, NY |

January 3, 2008

**VIA FEDERAL EXPRESS**

Walker G. Harman, Jr., Esq.
1350 Broadway, Suite 1510
New York, New York 10018

          Re:    Jane A. Wilson v. Maryknoll Fathers
                  & Brothers, et al
                  Case No. 07-CV-7058 (KMK)

Dear Mr. Harman:

        We are in receipt of your letter dated December 17, 2007, which accompanied your initial disclosures.

        Your objection to basic authorizations for the release of discoverable employment, benefit and medical records is without merit. All such records are discoverable in the context of employment litigation where the Plaintiff seeks to establish a claim based on lost wages, benefits and, in particular, damages for emotional distress. The authorizations seek records within a relevant proscribed time period and are in no way overbroad. See Bujnicki v. Am. Paving & Excavating, Inc., 2004 U.S. Dist. LEXIS 8869, at *33-56 (W.D.N.Y. 2004) (holding properly discoverable: "documents relating to plaintiff's attempts to obtain employment subsequent to her employment with [Defendant], including resumes or applications", "documents relating to any claim by plaintiff for unemployment compensation, disability benefits, workers' compensation, and social security disability benefits" and "documents reflecting or relating to monies earned or received by Plaintiff since she ceased working").

        Next, your objection to the medical records and mental health records releases is likewise unfounded. You assert that the authorizations are not HIPPA compliant, however you provide no basis for such assertion. Once again, medical and mental health records are freely discoverable in the employment litigation context where the plaintiff has alleged damages based on emotional distress. See Koster v. Chase Manhattan Bank, 1984 U.S. Dist. LEXIS 23874, at *14 (S.D.N.Y. 1984) (holding medical records "plainly relevant [where] Plaintiff has put her physical and emotional condition in issue by alleging that she suffered injury to both as a result of defendants' actions and by seeking compensation for such injuries"). To this end, the Plaintiff

# jackson|lewis
Attorneys at Law

herself has identified at least three (3) treating physicians as potential witnesses in her Fed. R. Civ. P 26(a) initial disclosures. These physicians and all others within the proscribed time period of the request must be provided as part of discovery in this matter. At best, some mental health professionals require an additional release for psychotherapy notes, which we provide in addition to the previously provided authorizations. All such authorizations must be executed for service upon the respective health care provider. The authorizations are HIPPA compliant and your assertion to the contrary is baseless.

As an aside, your late objection on this subject is especially troublesome in light of the fact that on December 11, 2007 you agreed via telephone to have your client execute the releases the following week. Should you continue to object to the authorizations provided, we will seek to compel their execution and/or subpoena production of all records for purposes of this litigation and seek related fees and costs associated with the motion.

Secondly, we are in receipt of your additional discovery requests through the Plaintiff's Fourth Request for the Production of Documents. As we agreed, and as you stated in your December 17, 2007 letter, the Defendants will provide responses to outstanding discovery requests by January 31, 2008. Also, as we agreed, depositions of the named Defendants and other parties or non-parties will be rescheduled until after the depositions of Plaintiff and Teresa McGee respectively. This will likewise provide for a period of settlement discussions, which Judge Karas directed after our deposition of Plaintiff. We also confirm that Teresa McGee's deposition will occur on February 27, 2008.

Lastly, we understand that Dr. Manual J. Aluma was recently served with a subpoena. We hereby notify you that we represent Dr. Aluma for purposes of this litigation and any contact with same should be made through our office. We also take this opportunity to notify you that Defendants object to any testimony by Dr. Aluma with regard to the circumstances of his employment with Maryknoll. Any testimony from Dr. Aluma is irrelevant to Plaintiff's employment (or her lawsuit), as there is no evidence of any contact between Plaintiff and Dr. Aluma. Assumedly, this is a Plaintiff "fishing expedition" not calculated to discover relevant or admissible evidence and is objectionable on this basis. Please confirm that you will withdraw you subpoena on or before January 10, 2007.

Sincerely,

JACKSON LEWIS LLP

Michelle E. Phillips

MEP/IHH/rs
Enclosure

Walker G. Harman, Jr. [WH-8044]
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

JANE A. WILSON,

                                                                                                     Civil Action No: 07 Civ. 7058 (KMK)

                      Plaintiff,                       **AFFIDAVIT**
       -against-

MARYKNOLL FATHERS & BROTHERS; FR. JOHN
BARTH; FR. RICHARD FRIES; ADRIANE GLASS;
FR. JOHN McAULEY; FR. FRANCIS McGOURN;
FR. LEO SHEA; and FR. JOHN SIVALON,

                      Defendants.
-------------------------------------------------------------X

       **JANE A. WILSON**, under penalty of perjury, deposes and says:

1. I am over eighteen years of age, am competent to testify, and make this declaration of my own personal knowledge. I am the plaintiff in the above-captioned action. If called upon to testify as to the truth of the matters stated herein, I could and would do so competently.

2. On or about December 7, 2007, I learned that Maryknoll had extended an offer of employment to Dr. Manuel Aluma, Ph.D. to replace Teresa McGee in the position as the Director of Society Member Services. However, subsequent to the offer of employment, Maryknoll leadership discovered that Dr. Aluma was openly gay man and was in a committed relationship.

3. Upon learning of this, Father Frank McGourn and Father John Sivalon immediately withdrew Dr. Aluma's offer of employment.

4. Upon information and belief, Dr. Aluma opted not to file a lawsuit and privately settled the matter for a financial sum in the amount of three-hundred thousand dollars ($300,000.00) for his release of all claims.

I declare under penalty of perjury and upon personal knowledge that the foregoing is true and correct.

Dated: January 10, 2008
       New York, New York

_____
JANE A. WILSON

Sworn to before me this

10 day of January, 2008

_____
Notary Public

TOMMIE EDWARDS, JR.
Notary Public, State of New York
Qualified in New York County
No. 01ED6092535
My Commission Expires May 19, 2011

2

Walker G. Harman, Jr. [WH-8044]
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

JANE A. WILSON,

                                                    **Civ. No:** 07 Civ. 7058 (KMK)(MDF)

                       Plaintiff,
      -against-

MARYKNOLL FATHERS & BROTHERS; FR. JOHN
BARTH; FR. RICHARD FRIES; ADRIANE GLASS;
FR. JOHN McAULEY; FR. FRANCIS McGOURN;
FR. LEO SHEA; and FR. JOHN SIVALON,

                       Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

Plaintiff, Jane A. Wilson, filed this lawsuit for employment discrimination based on gender and sexual orientation. Plaintiff hereby submits this memorandum of law in support of her motion to disqualify Jackson Lewis as counsel for Dr. Manuel J. Aluma, PhD ("Dr. Aluma") or, in the alternative, for an inquest into the scope and nature of Jackson Lewis's representation of Dr. Aluma. This motion also seeks sanctions and attorneys' fees associated with the cost of this motion. Jackson Lewis's representation of Dr. Aluma is a conflict of interest, as Jackson Lewis's clients in this case, the defendants, Maryknoll et al. ("Maryknoll"), all have interests that are adverse to Dr. Aluma. Plaintiff also believes that defendants' counsel is engaging in an

improper and unethical pattern of behavior to silence at least one witness and to conceal evidence. Accordingly, Jackson Lewis should be disqualified from representing Dr. Aluma due to a conflict of interest and the substantial prejudice Jackson Lewis's conduct causes and will continue to cause the plaintiff.

## I.     Introduction

Plaintiff is not a former or current client of Jackson Lewis. However, plaintiff makes this motion to disqualify counsel for Dr. Aluma, due to a conflict of interest that has and will continue to greatly prejudice the plaintiff. "[D]istrict courts not only have the inherent power to ensure compliance with the ethical standards set forth in the Code of Professional Responsibility, but also the duty and the responsibility to disqualify counsel for unethical conduct prejudicial to his or her adversaries." SMI Industries Canada Ltd. v. Caelter Industries, Inc. 586 F.Supp. 808, 814 (N.D.N.Y., 1984). "Competence to raise disqualification is not limited to former or aggrieved clients. Ethical misconduct is a matter of public concern implicating the integrity of the bar and any party 'who is aware of the facts which give rise to the issue is duty bound to present the matter in the proper forum . . .' " Planning & Control, Inc. v. MTS Group, Inc., 1992 WL 51569, at 2 (S.D.N.Y.,1992).

Although plaintiff maintains that Jackson Lewis should be disqualified for its ongoing conduct in attempting to silence witnesses and potentially conceal evidence, the most troubling aspect of Jackson Lewis's conduct is the retention of Dr. Aluma as a "client." Dr. Aluma's interests are adverse to Jackson Lewis's other clients in this litigation, Maryknoll. On information and belief, the sole purpose of this purported representation is to silence Dr. Aluma and thereby prevent him from presenting evidence directly related to this lawsuit. Although Dr.

2

Aluma is bound by a confidentiality agreement with respect to his dispute with Maryknoll, were the Court to issue a protective order, Dr. Aluma could speak freely within the context of this litigation. What is most troubling is not that Jackson Lewis has asserted that he is bound by a confidentiality agreement, which they have not, but that Jackson Lewis has stated that Dr. Aluma is not "relevant" to this lawsuit whatsoever and have demanded that plaintiff withdraw her subpoena by January 10, 2008. See Harman Aff. at ¶9.

In late 2007, Maryknoll extended an offer of employment to Dr. Aluma. Subsequent to an offer of employment by Maryknoll to Dr. Aluma, the Maryknoll leadership learned that Dr. Aluma was openly gay. See Harman Aff. at ¶5. Upon learning of this, Father Frank McGourn and Father John Sivalon immediately withdrew Dr. Aluma's offer of employment. See Wilson Aff. at ¶3. Dr. Aluma then opted not to file a lawsuit and privately settled the matter for a financial sum believed to be in the amount of three-hundred thousand dollars ($300,000.00) in exchange for his release of all claims. See Harman Aff. at ¶4. Accordingly, Dr. Aluma's interests are and always will be adverse to Maryknoll's.

Jackson Lewis represents Maryknoll. Jackson Lewis did not represent Dr. Aluma until plaintiff's counsel spoke to Dr. Aluma and subpoenaed his testimony. See Harman Aff. at ¶7. At the very least Jackson Lewis's representation of Dr. Aluma is a conflict of interest, and Jackson Lewis should be disqualified on that ground alone. At the very worst, Jackson Lewis's representation of Dr. Aluma is an unethical litigation tactic designed solely to silence the relevant testimony of a witness.

## II.    Relevance of Dr. Aluma's Testimony

Aspects of the dispute that Dr. Aluma had with Maryknoll appear identical to the dispute plaintiff is having with Maryknoll:

i)   Both disputes involve employment matters;

ii)  Both involve the same decision makers at Maryknoll (Father Frank McGourn and Father John Sivalon); and

iii) Both involve former or potential directors at Maryknoll who are openly gay and claimed discrimination.

Therefore, Dr. Aluma's testimony is directly relevant to plaintiff's claims, as his testimony will serve as evidence of a pattern and practice of sexual orientation discrimination at Maryknoll. "[T]he testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." Zubulake v. UBS Warburg LLC., 382 F.Supp.2d 536, 544 (S.D.N.Y., 2005). "[A]n employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group." Id. at 544. "[E]vidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible under the Federal Rules of Evidence to establish whether a defendant's employment action against an employee was motivated by invidious discrimination." Id. at 544.

## III.   Conflict of Interest Warrants Disqualification

Upon service of a subpoena on Dr. Aluma, Jackson Lewis advised plaintiff's attorney that it represented Dr. Aluma, that Dr. Aluma's testimony was "irrelevant" to this litigation, and

4

demanded that plaintiff withdraw the subpoena by January 10, 2008. See Harman Aff. at ¶9. This appears to have been done to protect Jackson Lewis's other clients, Maryknoll, and without any regard for Dr. Aluma's interests. The only interest that Dr. Aluma could have in Jackson Lewis's legal representation is to avoid being sued by Maryknoll. See Harman Aff. at ¶7. Given that Dr. Aluma is openly gay and had an employment dispute with Maryknoll, it should be obvious that he does have a vested interest, whether he wishes to exercise it or not[1], in providing testimony in this action involving similar facts. Jackson Lewis should be disqualified from representing Dr. Aluma, as Dr. Aluma has an overwhelmingly adverse interest to Maryknoll.

In addition, plaintiff is greatly prejudiced by this dual representation, as Jackson Lewis is attempting to silence Dr. Aluma and withhold all evidence he has to offer. The right to choose one's counsel "must be balanced against the need to maintain the highest standards of the profession." Evans V. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983). New York's Code of Professional Responsibility states that, "a lawyer shall decline proffered employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under subdivision (c) of this section." 22 NYCRR 1200.24(a). Subdivision (c) provides that, "a lawyer may represent multiple clients if a disinterested lawyer would believe that the lawyer can competently represent the interest of each and if each consents to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved." 22 NYCRR 1200.24(c) (emphasis added). Jackson Lewis should, at a minimum, be

---

[1] If Dr. Aluma does not choose to testify, his testimony could be compelled through a subpoena.

5

compelled to provide evidence showing that full disclosure was in fact made to both clients, and both clients voluntarily consented to such representation.

"<u>In cases of concurrent representation, the Second Circuit has ruled 'it is prima facie improper' for an attorney to simultaneously represent a client and another party with interests directly adverse to that client.</u>  The attorney must be prepared to show, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." <u>DeVittorio v. Hall</u>, 2007 WL 4372872, at 5 (S.D.N.Y. 2007) (internal citations omitted, emphasis added).  Furthermore, the Second Circuit has held that "if there were any doubt as to the propriety of our action, we would resolve it in favor of disqualification." <u>Cheng v. GAF Corp.,</u> 631 F.2d 1052, 1059 (2d Cir. 1980), *judgment vacated on other grounds*, 450 U.S. 903 (1981).  "Because an attorney must avoid not only the fact, <u>but even the appearance,</u> of representing conflicting interests, this requires his disqualification." <u>Cinema 5, Ltd. v. Cinerama, Inc.</u>, 528 F.2d 1384, 1387 (2d Cir. 1976) (internal citations omitted).

6

**IV.    Conclusion**

Based upon the foregoing, Plaintiff respectfully requests that the Court issue a Decision and Order granting Plaintiff's motion to disqualify Jackson Lewis as counsel for Dr. Aluma.

Dated: January 15, 2008
       New York, New York

                                                                                    *Walker Harman Jr.* (signature)
                                                                                    Walker G. Harman, Jr.  (WH 8044)
                                                                                    1350 Broadway, Suite 1510
                                                                                    New York, New York 10018
                                                                                    (212) 425-2600

To:    Michelle E. Phillips, Esq.
       Jackson Lewis LLP
       One North Broadway, 15th Floor
       White Plains, NY 10601
       914-353-7244