UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Attorneys of Record for Defendants and Manuel J. Aluma
Michelle E. Phillips, Esq. (MP 4252)
Ian H. Hlawati, Esq. (IH 1793)

----------------------------------------------------------------X
:
JANE A. WILSON        :
:
Plaintiff,   :
:
v.      :        07 CV 7058 (KMK) (MDF)
:        ECF CASE
MARYKNOLL FATHERS & BROTHERS; FR. JOHN    :
BARTH; FR. RICHARD FRIES; ADRIANE GLASS;  :
FR. JOHN McAULEY; FR. FRANCIS McGOURN;    :
FR. LEO SHEA; and FR. JOHN SIVALON,       :
:
Defendants.   :
----------------------------------------------------------------X

### AFFIDAVIT OF MICHELLE E. PHILLIPS
### IN SUPPORT OF DEDFENDANTS' AND MANUEL J. ALUMA'S MEMORANDUM OF LAW IN OPPOSITITON TO PLAINTIFF'S MOTION TO DISQUALIFY[1]

STATE OF NEW YORK    )
) SS.:
COUNTY OF WESTCHESTER    )

MICHELLE PHILLIPS, an attorney in good standing, admitted to practice before the United States District Court for the Southern District of New York, deposes and says:

1. I am a Partner with the law firm of Jackson Lewis LLP, attorneys of record for Defendants Maryknoll Fathers & Brothers; Fr. John Barth, Fr. Richard Fries; Adriane

---

[1] For purposes of the opposition and supporting affidavits, we are divulging client communications between Jackson Lewis LLP and Manuel J. Aluma ("Aluma"). However, Aluma and counsel do not waive the attorney/client privilege beyond the instant memorandum in opposition.

Glass; Fr. John McAuley; Fr. Francis McGourn; Fr. Leo Shea; and Fr. John Sivalon ("Defendants"). in the above-captioned action. As such, I am familiar with the documents attached hereto.

2. On December 13, 2007, I received a telephone call from Manuel J. Aluma ("Aluma").

3. Before December 13, 2007, I have never had contact with Aluma and no one from my firm has had contact with Aluma prior thereto.

4. During our telephone conversation, Aluma indicated that he had been contacted by Plaintiff's counsel, Walker G. Harman, Jr. ("Harman"), who stated that he was "trying to establish a pattern of discrimination because of Jane [Wilson]'s lawsuit as a female and lesbian" and that "he and his client believed it was a "good idea to extend to you [Aluma] the opportunity for me [Harman] to represent you with respect to any involvement you may have . . . I think it would be in your best interest and certainly in my client's best interest to have me represent you."

5. Aluma indicated that he had no facts relevant to this matter and, further, that he had never met Plaintiff or knew about her lawsuit. Notwithstanding, Plaintiff propounded her First Set of Interrogatories and First Request for Production of Documents seeking information relating to Aluma. See Plaintiff's First Set of Interrogatories, First Request for Production of Documents and Demand for Expert Witness Information, attached hereto as Exhibit "1".

6. On January 2, 2008, in response to being served with a subpoena by Plaintiff, Aluma called me and sought to have my firm, Jackson Lewis LLP, represent him for

purposes of responding to the Plaintiff's subpoena and any other involvement occasioned upon him by Plaintiff. See Subpoena to Manual J. Aluma, attached hereto as Exhibit "2".

7. Aluma expressed that his interest was to not be involved in a lawsuit about which he had no information.

8. I provided Aluma with a dual representation agreement, which disclosed all necessary admonitions regarding a dual representation arrangement and which Aluma executed on January 2, 2008.

9. Jackson Lewis LLP has never worked on a matter adverse to Aluma.

10. At no time, did I threaten Aluma in any way to procure his representation or advise him to not testify truthfully about any issue in this matter for which he had knowledge.

11. Aluma's interests are not adverse to those of Maryknoll and, at no time, has Maryknoll been involved in litigation with Aluma.

12. I have never sought to silence a witness or conceal evidence.

13. In the two cases to which Plaintiff's counsel asserts that I have sought to silence a witness to conceal evidence, the individuals to whom he refers – Teresa McGee ("McGee") and Aluma – contacted me unilaterally and without prompting.

14. Before Harman contacted Aluma on December 12, 2007, McGee informed me that Harman had likewise contacted her and warned her against "the aggressive Maryknoll lawyers" who will try and "scare", "coach", "incentivize" and "threaten me [McGee] with liability."

15. On December 12, 2007, I immediately contacted Harman and questioned him regarding this improper conduct and cautioned him against making such inappropriate remarks. Although Harman denied the use of the word "incentivize," and any specific mention

of Jackson Lewis, he did admit that he told McGee that the "law firm [representing Maryknoll] would advise her how to keep information from him that would be valuable to our [Plaintiff's] case." There is no basis in fact for this improper statement and we respectfully request the Court's intervention to admonish Harman from making such improper statements to third parties or anyone else involved in this litigation.

16. I have read the averments in the above-numbered paragraphs, and confirm the same are true to the best of my knowledge and belief.

_Michelle Phillips_
Michelle E. Phillips

Sworn to and subscribed before me this 29th day of January, 2008.

_Almira Da Silva_
Notary Public

ALMIRA DA SILVA
Notary Public, State Of New York
No. 60-5923850
Qualified In Westchester County
Commission Expires June 30, 2010

4