# EXHIBIT "1"

Walker G. Harman, Jr. [WH-8044]
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

JANE A. WILSON,

                                                                                        **Civil Action No: 07 Civ. 7058 (KMK)**

                     Plaintiff,
-against-

MARYKNOLL FATHERS & BROTHERS; FR. JOHN
BARTH; FR. RICHARD FRIES; ADRIANE GLASS;
FR. JOHN McAULEY; FR. FRANCIS McGOURN;
FR. LEO SHEA; and FR. JOHN SIVALON,

                     Defendants.
-------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR THE**
**PRODUCTION OF DOCUMENTS AND DEMAND FOR EXPERT WITNESS**
**INFORMATION**

The plaintiff, Jane A. Wilson, by her attorney, Walker G. Harman, Jr., hereby requests, pursuant to Federal Rules of Civil Procedure 26, 33 and 34 that defendant answer fully in writing under oath the following interrogatories, demand for expert witness information, and demand for insurance information; and produce for inspection and copying the documents and things described herein at the office of Walker G. Harman, Jr., Attorney at Law, 1350 Broadway, Suite 1510, New York, New York 10018 within thirty (30) days from the date of service of this demand.

## DEFINITIONS AND INSTRUCTIONS

1. COMMUNICATION. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. CONCERNING. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3. DOCUMENT. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in. A draft or non-identical copy is a separate document within the meaning of this term.

4. ELECTRONICALLY MEMORIALIZED INFORMATION. The term "electronically memorialized information" means any information created, maintained and/or retrievable by electronic means, whether on or by a computer chip, hard disk, floppy diskettes, tape, laser devise or other digitally recorded medium, or any other similar device.

5. IDENTIFY (with respect for persons). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally the last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identity of that person.

6. IDENTIFY (with respect to documents). When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s).

7. PERSON. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. RECORDING. The term "recording" means tape, wire, or other sound recordings of conversations and includes transcripts of any such recorded conversation.

9. ALL/EACH. The term "all" and "each" shall be construed as all and each.

10. AND/OR. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. The use of the singular form of any word includes the plural and vice versa.

12. WILSON. The term "Wilson" means the Plaintiff, JANE A. WILSON, in this action.

13. MARYKNOLL. The term "Maryknoll" means the defendant, MARYKNOLL FATHERS & BROTHERS, in this action.

14. DEFENDANTS. The term "Defendants" means all defendants in this action, including Maryknoll.

15. If the answer to any interrogatory, or subsection of any interrogatory, is unknown, so state and include the name(s), telephone number(s), and address(es) of any person or organization that might have such information.

16. If any of these interrogatories cannot be answered in full, answer to the extent possible, specify the reasons for Defendants' inability to answer the remainder, and state what information, knowledge or belief defendant has concerning the unanswered portion.

17. If Defendants do not possess information to answer an interrogatory, it is under a duty to make a reasonable effort to obtain such information.

18. In producing documents, you are requested to furnish all documents known or available to you regardless of whether the documents are possessed: directly by you, your agents, employees, representatives, or investigators; by your present or former attorneys or their agents, employees, representatives or investigators; or by any other legal entities controlled by or in any manner affiliated with you.

19. Where documents are withheld from production on the basis of privilege, Defendant shall set forth in writing the following: (i) a description of the subject matter and content of the document sufficient to identify it; (ii) the type of document (e.g., letter, memoranda, etc.; (iii) name of the author(s) and/or preparer(s); (iv) name of recipient(s); (v) date of recording or preparation; (vi) the privilege asserted; and (vii)

      reasons for such assertion.

20. If any documents cannot be produced in full, produce to the extent possible specifying the reasons for the inability to produce the remainder. This document request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents.

## INTERROGATORIES

### INTERROGATORY NO. 1

IDENTIFY all PERSON(s) with knowledge or information concerning each fact alleged in the Complaint, including but not limited to current and former employees of Maryknoll.

### INTERROGATORY NO. 2

IDENTIFY all PERSON(s) with knowledge or information concerning the matters alleged in the charge of discrimination filed with the EEOC, including but not limited to current and former employees of Maryknoll.

### INTERROGATORY NO. 3

IDENTIFY all PERSON(s) with knowledge or information regarding Maryknoll's policies and/or procedures CONCERNING gender and sexual orientation discrimination.

### INTERROGATORY NO. 4

IDENTIFY all PERSON(s) with knowledge CONCERNING Maryknoll's preparation of and/or amendments to policies and/or procedures, if any, regarding investigations into gender and/or sexual orientation discrimination.

### INTERROGATORY NO. 5

IDENTIFY all PERSON(s) with knowledge CONCERNING the planning of discrimination training offered by Maryknoll in the last five (5) years for its employees and/or managers.

INTERROGATORY NO. 6

IDENTIFY all PERSON(s) with information or knowledge CONCERNING any and all formal or informal complaints of gender and sexual orientation discrimination from 2000 to the present.

INTERROGATORY NO. 7

IDENTIFY all PERSON(s) with information or knowledge CONCERNING Plaintiff's work performance while employed at Maryknoll.

INTERROGATORY NO. 8

IDENTIFY all PERSON(s) with information or knowledge CONCERNING Plaintiff's separation of employment from Maryknoll.

INTERROGATORY NO. 9

IDENTIFY all PERSON(s) with information or knowledge concerning each affirmative defense stated in Defendants' Answer. This interrogatory includes but is not limited to any and all defenses that may be raised and/or asserted to defend against liability in this matter.

INTERROGATORY NO. 10

IDENTIFY all PERSON(s) who, in any manner, participated in the answering of these interrogatories.

INTERROGATORY NO. 11

IDENTIFY all PERSON(s) who have in any way, either verbally or in writing, either formally or informally, complained of gender and/or sexual orientation discrimination while employed at Maryknoll in the last five (5) years.

INTERROGATORY NO. 12

IDENTIFY all PERSON(s) with knowledge of each and every reason for Plaintiff's termination from Maryknoll.

INTERROGATORY NO. 13

IDENTIFY all PERSON(s) with knowledge CONCERNING Plaintiff's work performance.

INTERROGATORY NO. 14

IDENTIFY any Maryknoll employee who was the subject of discipline in the year prior to the Plaintiff's termination.

INTERROGATORY NO. 15

IDENTIFY all PERSON(s) with knowledge CONCERNING the reason(s) for Maryknoll's initial offer of employment to Manuel Aluma Ph.D.

INTERROGATORY NO. 16

IDENTIFY all PERSON(s) with knowledge CONCERNING the reason(s) for Maryknoll's subsequent withdrawal of its offer of employment to Manuel Aluma Ph.D.

INTERROGATORY NO. 17

IDENTIFY all PERSON(s) who participated in the negotiation of any agreements between Maryknoll and Manuel Aluma Ph.D.

## DOCUMENT DEMANDS

1. Wilson's personnel files.

2. The personnel files of all of the individuals identified in interrogatory number 1.

3. The personnel files of all current, former, or potential employees of Maryknoll who complained of gender and sexual orientation discrimination, from 2002 to the present.

4. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING Maryknoll's offer of employment to Manuel Aluma Ph.D.

5. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING Maryknoll's withdrawal of its offer of employment to Manuel Aluma Ph.D.

6. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION relating, reflecting or referring to any and/or all witnesses identified in Defendants' Responses to Plaintiff's First Set of Interrogatories. This request includes but is not limited to any and all personnel files held or maintained by defendants.

7. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING Plaintiff's work performance.

8. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all procedures and/or policies of Maryknoll regarding gender and sexual orientation discrimination and/or retaliation and/or employment discrimination.

9. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all alleged misconduct involving Plaintiff.

10. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all complaints, formal

and informal, of gender and sexual orientation discrimination and/or employment discrimination and/or retaliation made against the DEFENDANTS.

11. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all complaints filed with and/or pending before the Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Human Rights Commission, the New York State Unemployment Insurance Appeal Board, or any other Court, tribunal or administrative agency against the DEFENDANT CONCERNING alleged employment discrimination and/or gender and sexual orientation discrimination and/or retaliation by DEFENDANTS and/or their agents. This request includes any and all DOCUMENTS submitted to and/or obtained from any of the above listed entities concerning Plaintiff.

12. All COMMUNICATIONS, and all DOCUMENTS and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING such COMMUNICATIONS, as and among the DEFENDANT and a third party(ies) CONCERNING Plaintiff.

13. All COMMUNICATIONS, and all DOCUMENTS and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING such COMMUNICATIONS of DEFENDANT CONCERNING employment discrimination and/or gender and sexual orientation discrimination and/or retaliation.

14. All COMMUNICATIONS, and all DOCUMENTS and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING Plaintiff's claims of gender and sexual orientation discrimination and/or retaliation and/or employment discrimination by DEFENDANTS.

15. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the subject matter of this litigation, including but not limited to the matters alleged in the Complaint and/or the charge of discrimination filed with the EEOC.

16. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY

MEMORIALIZED INFORMATION, CONCERNING Plaintiff's separation of employment.

17. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all investigations into gender and sexual orientation discrimination and/or retaliation and/or employment discrimination at Maryknoll from 2002 to the present.

18. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all investigations into Plaintiff's claims of gender and sexual orientation discrimination and/or retaliation and/or employment discrimination.

19. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION upon which the DEFENDANTS will rely to defend against liability in this matter.

20. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION identified in the answers to Plaintiff's First Set of Interrogatories.

21. All employee handbooks and/or personnel manuals and/or written directives distributed and/or posted for employees of Maryknoll.

22. All material distributed to employees upon beginning their employment with Maryknoll.

23. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING training offered by Maryknoll on the subject of gender and sexual orientation discrimination and/or employment discrimination and/or retaliation.

24. All statements taken and/or obtained by DEFENDANTS of any and all PERSONS in connection with this matter.

25. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING any and all gender and sexual

orientation discrimination lawsuits filed against the DEFENDANT during the last five (5) years.

26. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. Kevin Brown during Plaintiff's tenure at Maryknoll.

27. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Dr. John Donnal and Mrs. Anne Donnal during Plaintiff's tenure at Maryknoll.

28. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. Thomas Donnelly during Plaintiff's tenure at Maryknoll.

29. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. Kevin Dretzka during Plaintiff's tenure at Maryknoll.

30. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. Thomas Healey during Plaintiff's tenure at Maryknoll.

31. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. Jeffe Robert during Plaintiff's tenure at Maryknoll.

32. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. James Mallahan during Plaintiff's tenure at Maryknoll.

33. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. W. Peter McBride during Plaintiff's tenure at Maryknoll.

34. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY

MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. Stephen O'Neil during Plaintiff's tenure at Maryknoll.

35. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mrs. Barbara Riggins during Plaintiff's tenure at Maryknoll.

36. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING donations received by Maryknoll from Mr. Michael Ronco and Mrs. Anne Ronco during Plaintiff's tenure at Maryknoll.

37. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING the employee complaint alleging Ms. Laura Herman's misuse of funds.

38. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING any performance evaluations given to Plaintiff.

39. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING any feedback given to Plaintiff regarding her work performance.

40. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING any goals or targets given to Plaintiff related to her work duties and responsibilities.

41. All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION that Defendant plans to rely upon at the deposition of Plaintiff, Jane A. Wilson.

## DEMAND FOR EXPERT WITNESS INFORMATION

1. The identity of each person whom the defendant expects to call at trial as an expert witness;

2. The subject matter upon which each expert is expected to testify;

3. The substance of the facts and opinions upon which each expert is expected to testify;

4. The qualifications of each expert;

5. A summary of the grounds for each expert's opinion.

The foregoing Demand is continuing. If no experts have yet been retained by the defendants, this Demand shall apply upon retention of any experts by the defendants at any time.

Dated: New York, New York
December 12, 2007

_____
Walker G. Harman, Jr. (WH 8044)
1350 Broadway, Suite 1510
New York, New York 10018
(212) 425-2600

To: Michelle E. Phillips, Esq.
Jackson Lewis LLP
One North Broadway, 15th Floor
White Plains, NY 10601
914-353-7244