UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Attorneys of Record for Manuel J. Aluma
Michelle E. Phillips, Esq. (MP 4252)
Ian H. Hlawati, Esq. (IH 1793)

-----------------------------------------------------------------X

JANE A. WILSON

                       Plaintiff,

      v.
                                                       07 CV 7058 (KMK) (MDF)
                                                 ECF CASE
MARYKNOLL FATHERS & BROTHERS; FR. JOHN
BARTH; FR. RICHARD FRIES; ADRIANE GLASS;
FR. JOHN McAULEY; FR. FRANCIS McGOURN;
FR. LEO SHEA; and FR. JOHN SIVALON,

                       Defendants.

-----------------------------------------------------------------X

## AFFIDAVIT OF MANUEL J. ALUMA
## IN SUPPORT OF MANUAL J. ALUMA'S MEMORANDUM OF LAW
## IN OPPOSITITON TO PLAITIFF'S MOTION TO DISQUALIFY

STATE OF NEW YORK       )
                                  ) SS.:
COUNTY OF WESTCHESTER  )

      Non-party, MANUEL J. ALUMA, deposes and says:

      1.    On December 13, 2007, Plaintiff's counsel, Walker G. Harman Jr. ("Harman"), called me via telephone and indicated that he was "trying to establish a pattern of discrimination because of Jane [Wilson]'s lawsuit as a female and lesbian" and that he and his client believed it was a "good idea to extend to you [Aluma] the opportunity for me [Harman] to represent you with respect to any involvement you may have . . . I think it would be in your best interest and certainly in my client's best interest to have me represent you." Harman also stated that

"they've [Jackson Lewis] already gotten Teresa [McGee] [a former Maryknoll employee with whom I'm familiar] and Maryknoll wants to control everything."

2. On January 2, 2008, I was served with a subpoena by Plaintiff to testify in the above matter – the facts of which I have no knowledge.

3. Soon thereafter, I contacted Maryknoll unilaterally for guidance on how to handle the situation.

4. Fr. John Sivalon contacted me regarding the phone call from Harman and the subpoena from Plaintiff. He referred me to Maryknoll's attorneys, Jackson Lewis LLP, if I was interested in speaking with them.

5. I contacted Michelle E. Phillips ("Phillips") via telephone on January 2, 2008.

6. No one from Jackson Lewis LLP ever called me before I engaged them as my attorneys.

7. Jackson Lewis LLP is my counsel of choice. I have never been represented by Jackson Lewis LLP, nor has this firm been involved in any matter adverse to me.

8. At no time was I threatened on any basis not to take a position adverse to Maryknoll and at no time was I threatened that I must engage Defendants' attorneys, Jackson Lewis LLP.

9. I do not have a confidentiality agreement that would preclude me from testifying in this matter (even adverse to the interests of Maryknoll), if I had knowledge of any facts relating to Plaintiff's lawsuit.

10. At no time was I "silenced" and at no time was I told I do not have the right to speak truthfully or openly by Defendants or Maryknoll.

11. I do not have an adversarial relationship with Maryknoll and, in fact,

previously worked on behalf of the mission of Maryknoll as an independent contractor who counseled individuals preparing for the priesthood.

12. At no time have I been a Plaintiff in a legal proceeding against Maryknoll in any forum.

13. I executed the letter of engagement with Jackson Lewis LLP, which included dual representation with Defendants.

14. I was apprised in my letter of engagement that dual-representation can create a conflict of interest that, if necessary, may preclude Jackson Lewis LLP from continuing to represent me should my interests become adverse to those of the Defendants.

15. My concern in this matter, since being contacted by Harman on December 13, 2007, was to avoid any involvement in a lawsuit about which I have no knowledge.

16. I have reviewed the Complaint and there is no mention of my name.

17. I have no direct knowledge of the allegations raised in Plaintiff's Complaint.

18. I have never met Plaintiff and have never worked with her.

19. I do not have knowledge of any fact remotely relevant to the allegations contained in the Complaint, nor do I have knowledge of anything that may lead to relevant information.

20. I have read the averments in the above-numbered paragraphs, and confirm the same are true to the best of my knowledge and belief.

_____
Manuel J. Aluma

Sworn to and subscribed before me
this 25th day of January, 2008.

_____
Notary Public

Jason Mann
Notary Public, State of New York
No. 01MA6143744
My Commission Expires 04 / 17 / 2010
Qualified in Putnam County

3